IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE WALLACE REED BENNETT,<br><br>Debtor.<br><br>WALLACE REED BENNETT,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THE SOCIETY OF LLOYD'S,<br><br>Defendant-Appellee. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-CV-00441DAK<br><br>Judge Dale A. Kimball |

Appellant Wallace Reed Bennett appeals the United States Bankruptcy Court for the District of Utah's decision to grant Appellee The Society of Lloyd's (SOL) motion for summary judgment and to dismiss Bennett's adversary proceeding with prejudice. The parties did not request oral argument, and the court determined that oral argument would not significantly aid the decisional process. Having carefully considered the briefs and other materials submitted by the parties, as well as the law and facts relating to the appeal, the court affirms the decision of the bankruptcy court.

1

**BACKGROUND**

Following a decision by the Tenth Circuit Court of Appeals in *Society of Lloyd's v. Reinhart*, 402 F.3d 982 (10th Cir. 2005), *cert. denied*, 546 U.S. 826 (2005), affirming a federal district court ruling awarding a money judgment to SOL against Bennett, Bennett filed for Chapter 7 bankruptcy. In the bankruptcy proceeding, Bennett filed two adversary proceedings. The parties stipulated to dismiss the first adversary proceeding. The second adversary proceeding (the Adversary Proceeding) is the subject of this appeal. Bennett filed the Adversary Proceeding on November 7, 2006. In the Adversary Proceeding Bennett "primarily [sought] an offset of £ 334,000.00 minus £ 531.80" (the Offset).

On December 19, 2006, SOL moved for summary judgment as to the Adversary Proceeding, arguing that the Offset is barred by res judicata, collateral estoppel, or the law of the case.[1] In its statement of undisputed facts, SOL expounds nineteen statements of fact, including that "Bennett . . . argued the Offset in the [f]ederal [d]istrict [c]ourt [a]ction"; "Bennett argued the Offset [in] . . . his Opening Brief in [*Society of Lloyd's v.*] *Reinhart* . . . and [in] . . . his Amended Appeal Brief in *Reinhart*"; and "[b]oth the [f]ederal [d]istrict [c]ourt and the Tenth Circuit rejected the Offset."

In his opposition memorandum to SOL's Motion for Summary Judgment, Bennett maintains that the Offset claim is not barred on grounds of res judicata, collateral estoppel, or

---

[1] In its Motion for Summary Judgment, SOL also sought sanctions against Bennett's former counsel, David Bennett, pursuant to Federal Rule of Bankruptcy Procedure 9011. *See* Fed. R. Bank. P. 9011 (governing motions for sanctions). The bankruptcy court granted SOL's request for sanctions. On appeal, Bennett argues that such sanctions are inappropriate and should be reversed. However, because Bennett, as a pro se litigant "can represent only himself," *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 n.2 (10th Cir. 1996), the court declines to address the propriety of sanctions against David Bennett.

law of the case.  In his statement of disputed facts, Bennett only sets forth two statements:  "[SOL's] 'Statement of Undisputed Facts,' including those designated paragraphs '1' through '19' in its 'Memorandum in Support of [SOL's] Motion to Dismiss Amended Complaint . . . for Summary Judgment . . .' are disputed. . . .  [And] Bennett's claim for [the Offset] . . . has never been litigated on the merits in any court."  (Emphasis omitted.).

The bankruptcy court granted SOL's Motion for Summary Judgment, determining that there are no genuine issues of material fact and the doctrine of res judicata precludes the Offset claim.  The bankruptcy court dismissed the Adversary Proceeding with prejudice.

Bennett appeals the bankruptcy court decision.

### ISSUE AND STANDARD OF REVIEW

Bennett appeals the bankruptcy court's grant of summary judgment to SOL with prejudice.  "This [c]ourt reviews de novo bankruptcy court orders granting summary judgment, applying the same legal standards used by the bankruptcy court."  *Rocin Liquidation Estate v. Pan Am. Life Ins.* (*In re Rocor Intern., Inc.*), 366 B.R. 158, 160 (W.D. Okla. 2007) (emphasis omitted); *see also Woodcock v. Chem. Bank* (*In re Woodcock*), 144 F.3d 1340, 1342 (10th Cir. 1998) (stating that de novo is the proper standard of review for district courts to employ in reviewing a bankruptcy court's grant of summary judgment).  Federal Rule of Civil Procedure 56 applies in adversary proceedings, *see* Fed. R. Bankr. P. 7056, and provides that summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c).  "Under this standard, [the court] view[s] the evidence and draw[s] reasonable inferences therefrom in the

light most favorable to the nonmoving party." *Bailey v. Big Sky Motors, Ltd.* (*In re Ogden*), 314 F.3d 1190, 1195 (10th Cir. 2002).

## DISCUSSION

On appeal, Bennett claims that the bankruptcy court erred in concluding that there are no disputed issues of fact and SOL is entitled to judgment as a matter of law on grounds of res judicata. This court rejects Bennett's contentions of error.

The doctrine of res judicata, or claim preclusion, *see MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005), states that

> when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Nevada v. United States*, 463 U.S. 110, 129-30 (1983) (alteration in original) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). In reviewing the operation of res judicata to the instant case, the court applies federal law. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court."). Under Tenth Circuit case law, res judicata applies when three elements are satisfied: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp*, 186 F.3d at 1226. Regarding the third element, the court employs the transactional approach. *See id.* at 1227. "The transactional approach provides that a claim arising out of the same transaction, or series of connected transactions, as a previous suit, which

concluded in a valid and final judgment, will be precluded." *Id.*  (quotations and citation omitted).

      First, SOL correctly points out that Bennett's Motion in Opposition to Summary Judgment fails to comply with technical requirements of local bankruptcy rules.  Under Local Rule of Practice of the United States Bankruptcy Court for the District of Utah 7056-1,

> A memorandum in opposition to a motion for summary judgment must begin with a concise statement of material facts to which the party contends there is a genuine issue.  The responding party must number each disputed fact, refer with particularity to the portions of the record upon which the party relies, and, if applicable, state the paragraph number of movant's disputed fact.  Material facts of record that are set forth with particularity in movant's statement of facts and that meet the requirements of Fed. R. Bankr. P. 7056 are admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

Bankr. D. Ut. LBR 7056-1(b).  In contrast to rule 7056-1(b) requirements, Bennett's Motion in Opposition merely provides two conclusory statements—declaring that Bennett disputes all facts set forth in SOL's statement of material facts and that the Offset claim was not previously litigated—and neglects to support either of these statements with record citations.  Thus, in accordance with local rule 7056-1(b), SOL's statement of undisputed facts is "admitted for the purpose of summary judgment."  *Id.*[2]; *see also Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 856 (10th Cir. 1999) (recognizing court's right to deem movant's facts uncontroverted where non-movant failed to comply with technical requirements of local rule similar to one at issue here).  These statements include facts directly pertaining to the application of res judicata, such as

---

[2] Although the court generally construes pro se pleadings liberally, *see Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997), Bennett was not pro se at the time he filed his Motion in Opposition to Summary Judgment.

"Bennett . . . argued the Offset in the [f]ederal [d]istrict [c]ourt [a]ction"; "Bennett argued the Offset [in] . . . his Opening Brief in [*Society of Lloyd's v.*] *Reinhart* . . . and [in] . . . his Amended Appeal Brief in *Reinhart*"; and "[b]oth the Federal District Court and the Tenth Circuit rejected the Offset."

Second, even if Bennett had satisfied rule 7056-1(b)'s technical requirements, an independent review of the record reveals that no genuine issue of material fact exists and the application of res judicata is appropriate. Concerning the first and second elements of the res judicata doctrine, *see Yapp*, 186 F.3d at 1226, the record plainly shows that the first action between SOL and Bennett ended with a judgment on the merits by the federal district court, and the Tenth Circuit Court of Appeals later affirmed this judgment, s*ee Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982 (10th Cir. 2005). As to the third element, *see Yapp*, 186 F.3d at 1226, the record is quite clear that in the prior action, like the Adversary Proceeding, Bennett argued the Offset claim. In the prior action, Bennett argued the Offset claim both before the federal district court in his Memorandum in Support Of Motion to Alter Or Amend Order and in his appellate brief to the Tenth Circuit Court of Appeals. Both courts rejected the Offset claim. Specifically, in the district court case, the district court granted SOL's request for summary judgment, recognizing SOL's English court money judgments against Bennett, and other defendants, and repudiating Bennett's claim that newly discovered evidence of the Offset rendered the English action unenforceable. The Tenth Circuit affirmed the lower court decision as to the enforceability of the English court action, specifically "reject[ing Bennett's] . . . contention[] that . . . [he was] prohibited from discovering or presenting evidence to refute the existence of amount or liability." *Reinhart*, 402 F.3d at 1000.

In sum, this court concludes that the bankruptcy court properly determined that "there is no genuine issue as to any material fact and [SOL] . . . is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court therefore affirms the bankruptcy court's grant of summary judgment to SOL.

## CONCLUSION

Bennett's appeal of the United States Bankruptcy Court's decision to grant SOL's motion for summary judgment and to dismiss Bennett's adversary proceeding with prejudice is AFFIRMED.

DATED this 14th day of January, 2008.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge